UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

United States of America

v.                              Criminal No. 14-cr-093-01-LM

Alkis Nakos

**JURY INSTRUCTIONS**

**INTRODUCTION**

You have now heard all of the evidence in this case, and
arguments by the lawyers.  It is my duty at this point in the
trial to instruct you on the law that you must apply in reaching
your verdict.  It is your duty to follow and apply the law as I
give it to you.  But, you alone are the judges of the facts.
Please do not consider any statement that I have made in the
course of trial, or make in these instructions as any indication
that I have any opinion about the facts of this case, or what
the verdict should be.  You should not single out any one
instruction but instead apply these instructions as a whole to
the evidence in this case.

**JURY SOLE JUDGES OF FACT**

You are the sole and exclusive judges of the facts.  You
must weigh the evidence that has been presented impartially,

1

without bias, without prejudice, and without sympathy.  You must make a determination as to what the facts are and what the truth is, based upon the evidence presented in this case.  You must decide the case by applying the law as it is given to you in these instructions to the facts as you find them to be from the evidence.

## APPLYING THE LAW

You must apply the law regardless of any opinion you may have as to what the law ought to be.  It would be a violation of your sworn duty if you were to base your verdict upon any view of the law other than that reflected in these instructions, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence presented in this case.

## WEIGHT OF THE EVIDENCE

The fact that the prosecution is brought in the name of United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation.  By the same token, it is entitled to no less consideration.  All parties, whether government or individuals, stand as equals at the bar of justice.

2

The weight of the evidence is not necessarily determined by the number of witnesses testifying on either side.  You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of belief.  In reviewing the evidence, you should consider the quality of the evidence and not the quantity.  It is not the number of witnesses or the quantity of testimony that is important but the quality of the evidence that has been produced that is important.  You must consider all of the evidence no matter which side produced or elicited it.

## WHAT EVIDENCE CONSISTS OF

The evidence in this case consists of the sworn testimony of the witnesses, and all the exhibits received in evidence and any facts which have been admitted or stipulated.  When both parties agree as to the existence of a fact you must, unless otherwise instructed, accept that fact as evidence, and regard that fact as proved.

You must entirely disregard any evidence to which an objection was sustained by the court, and any evidence ordered stricken by the court during your deliberations.

## **WHAT IS NOT EVIDENCE**

Certain things are not evidence and cannot be considered by you as evidence.

1.  Arguments and statements by the lawyers are not evidence.  What they have said in their opening statements, closing arguments, questions to the witnesses, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from what the lawyers have said about those facts, your memory controls.  If the law as stated by the lawyers differs from the law as stated by me, you must take the law from me.  You are not to be concerned with the wisdom of any rule of law.

2. Objections raised by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper under the rules of evidence.  I must rule on objections, and I have not intended to indicate in any way by my rulings what the verdict should be in this case.  You should not be influenced by the lawyers' objections or by my rulings on those objections.

3.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence which you may properly use in deciding this case: direct and circumstantial.

Direct evidence is the testimony given by a witness about what that witness has seen, has heard or has observed, or what that witness knows based on personal knowledge.  Direct evidence also includes any exhibits that have been marked.

Evidence may also be used to prove a fact by inference and this is referred to as circumstantial evidence.  In other words, from examining direct evidence you may be able to draw certain inferences which are reasonable and justified in light of your daily experience.  Such inferences constitute circumstantial evidence.  Circumstantial evidence may be given the same weight by you as direct evidence.

## EVIDENCE ADMITTED FOR A LIMITED PURPOSE

During the course of the trial, I may have instructed you that certain evidence was being admitted for a limited purpose. It is your duty to follow these instructions during your deliberations.

## **PRESUMPTION OF INNOCENCE**

The fact that an indictment is returned against an individual is not evidence of that person's guilt.  An indictment is merely a formal method of accusing an individual of a crime in order to bring that person to trial.  It is you the jury who will determine whether an individual is guilty or not guilty of the offense charged based on a consideration of all the evidence presented and the law applicable to the case. Therefore, you must not consider the indictment in this case as any evidence of the guilt of the defendant, nor should you draw any inference from the fact that an indictment has been returned against him.

The defendant, although accused, begins a trial with a clean slate -- with no evidence against him.  The law permits nothing but legal evidence presented before the jury to be considered in support of any charge against a defendant. The law presumes every defendant to be innocent until proven guilty beyond a reasonable doubt.  The burden of proving a defendant guilty rests entirely on the government.  The defendant does not have to prove his innocence.  The defendant enters the courtroom and is presumed to be innocent until the government convinces you beyond a reasonable doubt that he is guilty of every essential element of the offense charged.

6

The presumption of innocence alone is sufficient to acquit a defendant unless the jury is satisfied beyond a reasonable doubt that the defendant is guilty after a careful and impartial consideration of all of the evidence in the case.

## GOVERNMENT'S BURDEN OF PROOF - BEYOND A REASONABLE DOUBT

The burden is always on the government to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant.  The law does not impose upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

If, after careful and impartial consideration of all of the evidence in this case, you have a reasonable doubt that the defendant is guilty of the charges set forth in the indictment, you must find the defendant not guilty.

A jury must never find a defendant guilty based on mere suspicion, conjecture or guess.  Rather, you must decide the case on the evidence that is before you and on the reasonable inferences that can be drawn from that evidence.

## CREDIBILITY OF WITNESSES

In determining what the facts are and what the truth is, you must necessarily assess the credibility of each witness and determine what weight you will give to each witness's testimony.

7

By credibility I mean the believability or the truthfulness of a witness.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief or not worthy of belief.  For example:

- Consider each witness's intelligence, motive, state of mind, demeanor and manner while testifying.

- Consider the witness's ability to observe or to know the matters about which that witness has testified and whether the witness impresses you as having an accurate recollection of those matters.

- Consider whether the witness had any reason for telling the truth or not telling the truth, whether the witness had an interest in the outcome of the case, whether the witness had anything to gain or lose as a result of his or her testimony, whether the witness had any friendship, relationship, or animosity towards other individuals involved in the case, whether the witness's testimony was consistent or inconsistent with itself or with the testimony of other witnesses.

- Consider the extent, if any, to which the testimony of each witness is either supported or contradicted by other evidence in the case.

8

The testimony of a witness may be discredited or, as we sometimes say, "impeached," by showing that the witness previously made statements that are different than, or inconsistent with, his or her testimony here in court.

Inconsistent or contradictory statements which are made by a witness outside of court may be considered only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier out of court statements.

You must decide what weight, if any, should be given the testimony of a witness who has made prior inconsistent or contradictory statements.  In making this determination you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with only a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

You should give the testimony of each witness, both on direct and cross-examination, the weight you think it deserves. You are not required to believe the testimony of any witness simply because that witness was under oath.  You may believe or disbelieve all or part of the testimony of any witness.  It is within your province to determine what testimony is worthy of belief and what testimony may not be worthy of belief.

9

## TESTIMONY OF WITNESS WHO PLED GUILTY

You have heard testimony from government witnesses who pled guilty to charges similar to those in this case.  You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that prosecution witnesses or other individuals pled guilty to similar charges.  The decisions by others to plead guilty were personal decisions about their own guilt.  You may not use these guilty pleas in any way as evidence against the defendant on trial here.

## CREDIBILITY OF COOPERATING WITNESSES

Witnesses have testified in this case who have been made promises by the government.  You should consider whether the testimony of such a witness may have been influenced by the government's promise and you should consider the testimony of such a witness with greater caution than that of an ordinary witness.

## CREDIBILITY OF LAW ENFORCEMENT AGENTS

During the course of the trial you have heard several law enforcement agents testify.  You should consider the testimony of a law enforcement agent the same as the testimony of any

other witness in the case.  In evaluating the credibility of a law enforcement agent, you should use the same tests which you applied to the testimony of any other witness.  In no event should you give the testimony of a law enforcement agent any more credibility or any less credibility simply because of that witness's position.

## WEIGHT TO BE GIVEN TESTIMONY

After assessing the credibility of each witness you will assign as much weight to his or her testimony as you deem proper.  You may believe or disbelieve all or part of the testimony of any witness.  You determine what testimony is worthy of belief and what testimony may not be worthy of belief. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence, you believe that single witness.

## DEFENDANT'S RIGHT NOT TO TESTIFY

The fact that the defendant did not testify must not be considered by you in any way or even discussed in your deliberations.  He has an absolute right not to take the witness stand, and you must not draw any inferences from the fact that he exercised that right.

## **NO CONSIDERATION OF SENTENCING OR PUNISHMENT**

You are not to give any consideration to potential punishments or sentences in deciding this case.  The punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court and should never be considered by the jury in any way in arriving at an impartial verdict.  You must decide this case based on the evidence you have seen and heard and on the law as I give it to you, and not on any punishment you believe the defendant might receive or could receive.

## **THE INDICTMENT**

The indictment consists of two counts.  Count one charges the defendant with engaging in a continuing criminal enterprise involving violations of the Controlled Substances Act.  Count two charges the defendant with conspiring to distribute controlled substances, and to possess controlled substances with the intent to distribute them.

I will describe the charges against the defendant in more detail in a moment.  For reasons that need not concern you, I will describe count two first, and will then turn to count one.

12

## CONSIDER EACH COUNT SEPARATELY

A separate crime is charged in each count of the indictment.  Each offense and the evidence pertaining to it should be considered separately.

The defendant is not on trial for any act or conduct not alleged in the indictment.  You are not to be concerned with the guilt of any person or persons not on trial as a defendant in this case.

The defendant has pleaded not guilty to both charges.  The defendant does not have to prove that he is innocent.  The defendant has no burden of proof whatsoever.  The government carries the burden of proof throughout this trial and throughout your deliberations.  The government's burden is to prove beyond a reasonable doubt each element of both charges.  You must presume that the defendant is innocent throughout your deliberations.  You may not find the defendant guilty unless all twelve of you agree that the government has proven each element of a charge beyond a reasonable doubt.

## DATE OF OFFENSE - IN OR ABOUT

The indictment alleges that the crimes it charges the defendant with occurred "in or about" certain dates.  The government does not have to prove with certainty the exact date of either alleged offense.  It is sufficient if the government

proves beyond a reasonable doubt that the offense occurred on a date reasonably near the date alleged.

As I have already told you, I will begin by explaining the crime charged in count two.

## COUNT TWO

In count two, the indictment charges that:

> From at least in or about 2008, up to and including June 2014, in the District of New Hampshire, the District of Massachusetts, the District of New York, the District of Vermont, and elsewhere, defendant[ ], ALKIS NAKOS, knowingly, intentionally and unlawfully agreed and conspired together, and with others known and unknown to the grand jury, to distribute, and possess with intent to distribute, in excess of 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a schedule I controlled substance, and 3,4 methylenedioxymethamphetamine (MDMA), a/k/a Ecstasy, a/k/a Molly, a schedule I controlled substance.
>
> In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(vii), and 846.

In the rest of these instructions, unless I am directly quoting the indictment, I will refer to the controlled substance called 3,4 methylenedioxymethamphetamine by its acronym, MDMA.

## ESSENTIAL ELEMENTS OF COUNT TWO

In order for you to find the defendant guilty of the crime charged in count two, the government must prove each of the following elements beyond a reasonable doubt:

First, two or more persons entered into the agreement described in the indictment to distribute or possess with intent to distribute marijuana or MDMA, in any amount;

Second, the defendant joined the conspiracy with knowledge of the existence of the conspiracy and its criminal objectives;

Third, the defendant knowingly, voluntarily, and intentionally became a member of the conspiracy; and

Fourth, in joining the conspiracy, the defendant intended to achieve the unlawful objectives of the conspiracy.

I will now give you a bit more detail about each of these elements.

## 1.  EXISTENCE OF A CONSPIRACY

A conspiracy is an agreement, spoken or unspoken, between two or more people who join together in an attempt to achieve an unlawful objective.  The essence of conspiracy is an agreement. However, it is not necessary that the conspirators enter into a formal express agreement or plan for a conspiracy to exist. What the government must prove is that there was a mutual

understanding, either spoken or unspoken, between two or more people to cooperate to accomplish an unlawful act.

Each conspirator need not know all of the details of the conspiracy or even the names and identities of all of the other alleged conspirators.  It is sufficient if the conspirators each agree to join in the conspiracy to accomplish the unlawful objectives of the conspiracy.  Finally, the conspirators need not all join the conspiracy at the same time so long as the overall plan and objectives of the conspiracy persisted without fundamental alteration notwithstanding any changes in membership.


## 2. KNOWLEDGE OF A CONSPIRACY

To be guilty of the offense of conspiracy, a defendant must know of the existence of the conspiracy when he becomes a member.  That is to say, he must be aware of the existence of the conspiracy and its unlawful objectives.  It is unnecessary that a defendant know all of the details of the conspiracy or the names of all of the other alleged conspirators so long as the defendant joins the conspiracy with an awareness of the existence of the conspiracy and its unlawful objectives.

## 3. KNOWING, VOLUNTARY, AND INTENTIONAL PARTICIPATION IN A CONSPIRACY WITH AN INTENT TO ACHIEVE AN UNLAWFUL OBJECTIVE

A defendant must knowingly and willfully join in the conspiracy to be guilty of conspiracy. To act "willfully" means to act voluntarily and intelligently and with the specific intent to do something the law forbids - that is to say, with bad purpose, either to disobey or disregard the law. Willful action does not include action resulting from ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before the defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that the defendant willfully joined in the agreement must be based upon evidence of his own words or actions. You need not find that the defendant agreed specifically to or knew about all the details of the crime, or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that the defendant knew the essential features and general aims of the venture. Even if the defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the

17

government proves that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

### 4. OBJECTIVES OF THE CONSPIRACY

Count two alleges a conspiracy to distribute and to possess with intent to distribute two controlled substances, MDMA and marijuana. It is unlawful for a person, knowingly or intentionally, to distribute or possess with intent to distribute a controlled substance. Although the indictment charges conspiracy to distribute and possess with intent to distribute, it is sufficient for the government to prove that the defendant conspired either to distribute or conspired to possess with intent to distribute. Similarly, while the indictment charges that the conspiracy involved marijuana and MDMA, it is sufficient for the government to prove that the conspiracy involved marijuana or MDMA. The government need not prove both alternatives. In determining whether a conspiracy to distribute or possess with intent to distribute controlled substances existed, and whether the defendant joined the alleged conspiracy with an intention that these offenses be committed,

you will consider my instructions on the offenses of distribution and possession with intent to distribute below.

A person distributes a controlled substance when he intentionally transfers or delivers to another person what he knows to be a controlled substance. A person possesses a controlled substance with intent to distribute by possessing that substance with knowledge of what it is and with an intent to distribute it.

Possession means the exercise of control or authority over something at a given time. There are several types of possession: actual, constructive, sole, and joint. All four types of possession satisfy the possession element of the offense of possession of a controlled substance with intent to distribute. Possession is "actual" when a person knowingly has direct physical control over something. Possession is "constructive" when a person does not have direct physical control over something, but can knowingly control it and intends to control it, sometimes through another person. Possession may be knowingly exercised by one person exclusively, which is called sole possession, or possession may be knowingly exercised jointly when it is shared by two or more persons.

It is not necessary for the government to prove that the conspirators succeeded in their alleged conspiracy for the defendant to be guilty of conspiracy.

## MERE PRESENCE WITH OTHERS DOES NOT ESTABLISH A CONSPIRACY

The mere presence of the defendant at the scene of an alleged crime does not, standing alone, make him a member of a conspiracy. Mere association with one or more members of the conspiracy does not make a defendant a member. One may know or be friendly with a criminal without himself or herself being a criminal. Mere similarity of conduct or the fact that the parties may have assembled together and discussed common aims and interests does not by itself establish proof of the existence of a conspiracy.

## CO-CONSPIRATOR STATEMENTS

You have heard testimony that certain persons alleged to be co-conspirators of the defendant have done or said things during the life or existence of the conspiracy in order to further or advance its goals. Since these acts may have been performed and these statements may have been made outside the presence of the defendant, and even done or said without his knowledge, you should examine these acts or statements with particular care before you consider them to be evidence against him.

You may consider the acts and statements of co-conspirators in determining whether a conspiracy as charged in the indictment existed. However, only the defendant's own acts and statements

show whether the defendant knowingly, voluntarily, and intentionally joined the conspiracy.  Thus, in determining whether this element of the conspiracy has been proved, you may consider the acts and statements of co-conspirators only to the extent that they help you understand the defendant's own acts and statements.

## COUNT ONE

In count one, the indictment charges that:

From at least in or about 2008, up to and including June 2014, in the District of New Hampshire, the District of Massachusetts, the District of New York, the District of Vermont, and elsewhere, defendant, ALKIS NAKOS, knowingly, intentionally and unlawfully engaged in a continuing series of violations of the Controlled Substances Act, Title 21, United States Code, Section 801, et seq., which were undertaken by defendant in concert with at least five other persons with respect to whom defendant occupied a position of organizer, supervisor, or manager, and from which defendant obtained substantial income and resources.

In violation of Title 21, United States Code, Section 848(a).

## ESSENTIAL ELEMENTS OF COUNT ONE

In order for you to find the defendant guilty of the crime charged in count one, engaging in a continuing criminal enterprise, you must find that the government has proved all of the following elements beyond a reasonable doubt:

21

First, the defendant committed a felony violation of the federal narcotics laws;

Second, that violation was part of a series of at least three or more offenses committed by the defendant in violation of the federal narcotics laws, which make it a crime to distribute controlled substances or to possess controlled substances with the intent to distribute;

Third, the defendant committed the offenses in this series of violations in concert with five or more persons;

Fourth, the defendant acted as an organizer, supervisor or manager of the five or more persons with whom he acted in concert; and

Fifth, that the defendant obtained substantial income or resources from the series of offenses.

I will now explain each of the five elements the government must prove before you may find the defendant guilty of the continuing criminal enterprise offense charged in count one.

## 1.   FELONY VIOLATION OF FEDERAL NARCOTICS LAWS

The first element the government must prove is that the defendant committed a felony violation of the federal narcotics laws.  If you find that the defendant is guilty of the conspiracy charge in count two, then the government has also established the first element of count one.

22

## 2.  SERIES OF VIOLATIONS

The second element the government must prove is that the violation that establishes the first element was part of a series of offenses that included three other violations of the federal narcotics laws.  Violations that form a series are violations that are connected together, as distinguished from violations that are isolated or unconnected.  In order to find that this element of the crime charged in count one has been proven, you must unanimously agree that the government has established at least three other violations of the federal narcotics laws.  Moreover, you must unanimously agree on which three violations constitute the continuing series of violations, and you must unanimously agree that at least one of them occurred after July 23, 2009.

To establish the second element of count one, the government must prove that the defendant engaged in at least three acts of aiding and abetting the distribution a controlled substance or aiding and abetting the possession a controlled substance with intent to distribute.  I will now describe the elements of aiding and abetting, and will then describe the elements of the underlying crimes of distributing a controlled substance and possessing a controlled substance with intent to distribute.

23

To "aid and abet" means intentionally to help someone else commit a crime.  To establish aiding and abetting, the government must prove beyond a reasonable doubt both of the following elements: (1) that someone else committed an underlying crime and (2) that the defendant associated himself in some way with the crime and participated in it as he would participate in something he wished to bring about.  This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him or her.  To be guilty of aiding and abetting, the defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution.  But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.  Now, I will describe the elements of the underlying crimes.

Under the circumstances of this case, a person committed the offense of distributing a controlled substance if:

First, he transferred marijuana or MDMA to another person;

Second, he knew that what he transferred was marijuana or MDMA; and

Third, he acted intentionally, that is, that it was his
conscious object to transfer the controlled substance to another
person.

Under the circumstances of this case, a person committed
the offense of possession of a controlled substance with intent
to distribute if:

First, he possessed marijuana or MDMA, either actually or
constructively;

Second, he did so with a specific intent to distribute the
marijuana or MDMA over which he had actual or constructive
possession; and

Third, he did so knowingly and intentionally.

To find that a person possessed a controlled substance with
intent to distribute, it is not necessary for you to be convinced
that he actually delivered marijuana or MDMA to someone else, or
that he made any money out of the transaction.  It is enough for
the government to prove, beyond a reasonable doubt, that he had in
his possession what he knew to be marijuana or MDMA and that he
intended to transfer it or some of it to someone else.

A person's intent may be inferred from the surrounding
circumstances.  Intent to distribute may, for example, be inferred
from a quantity of drugs larger than that needed for personal use.
In other words, if you find that a person possessed a quantity of
marijuana or MDMA that was more than an amount that would be needed
for personal use, then you may infer that that person intended to

25

distribute marijuana or MDMA.  The law does not require you to draw such an inference, but you may draw it.

### 3.  IN CONCERT WITH FIVE OR MORE OTHER PERSONS

The third element the government must prove is that the defendant committed the offenses in the underlying series of violations in concert with five or more other persons.  The phrase "in concert with five or more other persons" requires an agreement by the defendant, whether direct or indirect, with at least five other persons who were involved in the continuing series of narcotics violations.  To prove that the defendant acted in concert with five or more other persons does not require proof that the five or more other persons actually had contact with each other, knew each other, or committed each violation together, or operated together continuously at the same time.  Proof is not required that the organization, supervision or management of five or more persons occurred at the same time.

In addition, you do not have to agree unanimously on the identities of the five people with whom the defendant acted in concert.  All 12 jurors do not have to agree that the defendant acted in concert with the same five people so long as each juror is independently satisfied that the government has proven beyond a reasonable doubt that the defendant acted in concert with some

collection of five or more other persons, and that the defendant and at least five or more other persons were part of an agreement or a joint action to commit the series of violations alleged by the government.

## 4.  ACTING AS AN ORGANIZER, SUPERVISOR, OR MANAGER

The fourth element the government must prove is that the defendant acted as an organizer, supervisor or manager of the five other persons with whom he acted in concert.

The terms "organizer," "supervisor," and "manager" are to be given their usual and ordinary meanings.  These words imply the exercise of power or authority by a person who occupies some position of management or supervision.  Such person need not be the sole or only organizer, supervisor or manager of the activities or persons in question.

## 5.  OBTAINED SUBSTANTIAL INCOME OR RESOURCES

The fifth element the government must prove is that the defendant obtained substantial income or resources from the series of violations.  The phrase "obtained substantial income or resources" is also to be given its usual and ordinary meaning.  The statute requires proof that the income or resources obtained by the defendant from the activity must be significant and not trivial.  But it is not limited to profit

and includes gross income or gross receipts.  The term
"substantial income or resources" may include money and other
things of value.


## CONCLUSION

When you retire to the jury room to deliberate, you may
take with you this charge and the exhibits admitted into
evidence.  You will also take with you a form on which to record
your verdict.

In addition, you will be able to view the documentary
exhibits in this case through an electronic system called
"JERS."  "J-E-R-S" stands for "Jury Evidence Recording System."
In your deliberation room is a plasma television.  You will be
able to view the exhibits from that plasma television screen.
It is operated by touch.  The courtroom deputy will show you a
brief tutorial.

You should understand that you will also have all the
documentary exhibits in paper copy to examine as well.  The JERS
system is simply another way for you to view the exhibits.  The
advantage is that you can all see an exhibit on the screen and
discuss it while seeing it displayed on the screen.

The principles of law set forth in these instructions are
intended to guide you in reaching a fair and just result in this
case, which is important to all the parties.  You are to

exercise your judgment and common sense without prejudice and without sympathy, but with honesty and understanding.  You should be conscientious in your deliberations and seek to reach a just result in this case because that is your highest duty as judges of the facts and as officers of this court.  Remember also that the question before you can never be:  will the government win or lose the case?  The government always wins when justice is done, regardless of whether the verdict be guilty or not guilty.

When you have considered and weighed all of the evidence, you must make one of the following findings with respect to the charge:

1.  If you have a reasonable doubt as to whether the government has proved any one or more of the elements of the crime charged, it is your duty to find the defendant not guilty.

2.  If you find that the government has proved all of the elements of the crime charged beyond a reasonable doubt, then you may find the defendant guilty.

The punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court, and should never be considered by you in any way in arriving at an impartial verdict.

## A. Verdict Form

You should conduct your deliberations by considering the issues before you in the order described in the Verdict Form you will take with you into the jury room.  You must begin your deliberations by deciding whether the government has proved beyond a reasonable doubt each of the elements of the conspiracy offense charged in count two.  If you have a reasonable doubt as to whether the government has proven any one of those four elements, then you must find the defendant not guilty on count two, and conclude your deliberations.  That is because a verdict of not guilty on count two precludes a guilty verdict on count one.  But, if you find that the government has proven all four elements of its conspiracy charge, then you may find the defendant guilty of conspiracy.

If you find the defendant guilty of conspiracy, and if you find that the conspiracy involved marijuana, then you must go on to answer two questions about the weight of the marijuana in this case.  First, using the weight ranges provided on the Verdict Form, you must determine, beyond a reasonable doubt, how much marijuana the conspiracy involved.  Then, you must determine, beyond a reasonable doubt, how much marijuana the defendant reasonably foresaw as being involved in the conspiracy.

In addition, if you find the defendant guilty of conspiracy, then you must also go on to decide whether the government has proven, beyond a reasonable doubt, each of the five elements of the continuing criminal enterprise offense charged in count one.  If you have a reasonable doubt as to whether the government has proven any one of those five elements, then you must find the defendant not guilty on that count and conclude your deliberations.  But, if you find that the government has proven all five elements of its continuing criminal enterprise charge, then you may find the defendant guilty of the crime charged in count one.

### B.   Selection of a Foreperson

When you retire, you should elect one member of the jury as your foreperson.  That individual will act very much like the chairperson of a committee, seeing to it that the deliberations are conducted in an orderly fashion and that each juror has a full and fair opportunity to express his or her views, positions and arguments.

### C.   Unanimous Verdict

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  Your verdict must be unanimous.

### D.   Deliberations

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with the other jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous.  But, do not surrender your honest conviction as to the weight or effect of the evidence solely based on the opinion of the other jurors or merely for the purpose of returning a verdict.  Remember at all times that you are not partisans, you are judges - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

If during your deliberations it becomes necessary to communicate with me, please give a written message to the Court Security Officer, who will bring it to me.  I will then respond as promptly as possible, either in writing or by meeting with you in the courtroom.  I will always first show the attorneys your question and my response before I answer your question. This procedure for asking questions in written form also applies to any questions you might have concerning the JERS system, even if your question pertains to obtaining technical assistance with the system.

The evidence of contraband, including guns, ammunition, marijuana, and MDMA will be available for your review if you request it.

Now, this is very important, you must never disclose to anyone, including the court, how the jury stands, numerically or otherwise, on the matters you are deciding, until after you have reached a unanimous verdict or have been discharged. In other words, if the jury is split, say 6 to 6, on some issue, the existence of that split or the number on one side or the other must not be disclosed to anyone, including me.

If we recess during your deliberations, you must follow all of the instructions I have given you concerning your conduct during the trial. In particular, do not discuss the case with anyone other than your fellow jurors in the jury room, when everyone is present.

You were permitted to take notes during this trial, and I want to remind you of the instructions I gave you about your notes. Do not use your notes as authority to persuade other jurors. Your notes should be used only as aids to your own memory and must not be used as authority to persuade the other jurors of what the evidence was during the trial. In the end, each juror must rely on his or her own recollection or impression as to what the evidence was.

You are each going to have a paper copy of my jury instructions to take with you into the jury room.  Attached to your individual copy of the jury instructions is a copy of the Verdict Form.  The Verdict Form is self-explanatory and contains all the questions you need to answer as well as step-by-step instructions.  Read that Verdict Form carefully and follow the instructions on it.  The Verdict Form is consistent with the instructions I have given to you.  Feel free to consult the paper copy of the jury instructions as you deliberate.  After you have reached your unanimous verdict, your foreperson must complete, sign, and date the official Verdict Form.  The official Verdict Form will be given to you with an envelope and will be marked with the word ORIGINAL at the top of the form.  After you have reached a verdict, you are not required to talk to anyone about the case unless I direct you to do so.

Let me once again tell you that nothing said in these instructions is intended to suggest in any way what your verdict should be.  The verdict is the exclusive responsibility of the jury, not the judge.

When you have arrived at a verdict, notify the court security officer and you will be brought back into the courtroom where the foreperson will render the verdict orally.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

     v.                           Criminal No. 14-cr-093-01-LM

<u>Alkis Nakos</u>

# <u>VERDICT FORM</u>

We, the jury in the above captioned case, return the following verdicts:

1.   As to Count two, which charges the defendant with conspiracy to distribute, and to possess with intent to distribute, marijuana and MDMA, we find the defendant:

_____   Not Guilty                    _____   Guilty

**If you find the defendant <u>not guilty</u> of Count two, your deliberations are complete, and the foreperson should sign and date this form.**

**If you found the defendant <u>guilty</u> of Count two, and you found that he conspired to distribute or possess with intent to distribute <u>marijuana</u>, please complete the remainder of this form before the foreperson signs and dates it.   If you found the defendant conspired to distribute or possess with intent to distribute <u>only</u> MDMA, please skip the next two questions, and go directly to question four.**

2.   We find that the weight of the marijuana that the conspirators agreed to distribute or possess with intent to distribute was:

_____        One thousand (1000) kilograms or more

_____        One hundred (100) kilograms or more, but less than one thousand (1000) kilograms

_____          Less than one hundred (100) kilograms

        1000 kilograms = 2204.62 pounds
        100 kilograms   = 220.42 pounds

3.   We find that the weight of the marijuana that the defendant reasonably foresaw as being involved in the conspiracy was:

_____        One thousand (1000) kilograms or more

_____        One hundred (100) kilograms or more, but less than one thousand (1000) kilograms

_____          Less than one hundred (100) kilograms

4.   As to Count one, which charges the defendant with engaging in a continuing criminal enterprise, we find the defendant:

_____   Not Guilty                    _____   Guilty

 

 

_____
Foreperson

_____
Date