UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:14-cr-93-01-LM |
| ) | |
| ALKIS NAKOS ) | |

## UNITED STATES' OBJECTION TO DEFENDANT'S MOTION FOR RELEASE

The United States of America, by Emily Gray Rice, United States Attorney for the District of New Hampshire, objects to defendant Nakos's motion for temporary in-custody release. In support of its objection, the United States avers:

Nakos was convicted after a jury trial of conspiring to distribute and to possess with the intent to distribute more than 1000 kilograms of marijuana and conspiring to distribute and to possess with intent to distribute methamphetamine. *United States v. Nakos*, 1:14-cr-93-01-LM. Verdict Form, Docket Entry ("DE") 188 (D.N.H. Aug. 26, 2015). The jury also agreed that the United State had proved beyond a reasonable doubt that Nakos was guilty of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. *Id.* The jury's verdict subjects Nakos to a mandatory minimum sentence of 20 years and a maximum of life.

Nakos moves the court to allow him an unspecified number of in-person visits with his daughter under the supervision of the United States Marshal. Nakos claims that the provisions of 18 U.S.C. 3141 allow for such release. However, any release of Nakos is governed by the provisions at 18 U.S.C. § 3145 which require Nakos to establish exceptional circumstances supporting his request. The case law interpreting § 3145 establishes that the illness of Nakos' daughter does not qualify as an exceptional reason supporting his request.

Nakos' release is governed by the provisions found at 18 U.S.C. § 3143 and § 3145. Title 18, United States Code, § 3143(b)(2) provides, in pertinent part:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--
> **(A)(i)** the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> **(ii)** an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> **(B)** the judicial officer finds by clear and convincing evidence that the person is likely to flee or pose a danger to any other person or the community.

18 U.S.C.§ 3143(b)(2) (West 2016).

Nakos was convicted of a violation of the Controlled Substances Act that carries a mandatory minimum sentence of 20 years and is facing a maximum sentence of life. 18 U.S.C. § 3142(f)(1)(B), (C). Accordingly, under the provisions of 18 U.S.C. § 3143(b)(2), Nakos is to be detained pending sentencing.

A defendant subject to the mandatory detention provisions of 18 U.S.C. § 3143(b)(2) may obtain release if he can establish exceptional reasons why his detention would not be appropriate. 18 U.S.C. § 3145(c). A defendant must establish those reasons by clear and convincing evidence.

Nakos' seeks to escape his burden of establishing exceptional reasons supporting his release by requesting some hybrid form of release that requires the United States Marshal to undertake the burden of establishing the safety of the community while guarding Nakos during the requested unlimited visits with his daughter. Such hybrid requests of "custodial release" are not contemplated by the statutes governing release and unfairly burden the United States Marshal

to police Nakos' confinement and custody while on release and to undertake costs and expenses assuring the public's safety while Nakos is outside the institution in which he is held. The United States Marshal understandably objects to incurring such responsibility.

The unfortunate medical condition of Nakos' daughter does not establish exceptional reasons warranted his release in any form. The First Circuit has held that the exceptional reasons provision found at 18 U.S.C. § 3145 requires proof of the presence of "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. Farlow*, 824 F. Supp. 2d 189, 196 (D. Me. 2011) *citing United States v. Weiner*, 1992 WL 108697 at 2-3 (1st Cir. July 31, 1997). Thus, courts have decided that a desire to visit ailing grandparents does not qualify as an exceptional reason under the statute. *United States v. Correia,* 17 F. Supp. 3rd 125 (D. Ma. May 6, 2014). Nor does a defendant's medical needs generally qualify as an exceptional reason. *United States v. Bernar,* 2013WL145582 (D. Me. Jan. 14, 2013).

The *Farlow* and *Bernar* courts have cited a decision from the Ninth Circuit as providing a useful set of factors that should be applied in § 3145(c) context. *See*, *United States v. Garcia,* 340 F.3d 1013, 1019–21 (9th Cir.2003). These are: (1) whether the defendant's conduct was aberrational; (2) whether the defendant led an exemplary life prior to his offense and would be likely to continue to contribute to society if allowed to remain free on bail; (3) the nature of the violent act itself; (4) the length of the prison sentence; (5) whether prison would impose unusual hardships on a defendant due to illness or injury; (6) the nature of a defendant's arguments on appeal; (7) whether the defendant is exceptionally unlikely to flee or constitute a danger to the community; and (8) whether the defendant was unusually cooperative with the Government.

Using the *Garcia* factors for analysis establishes that the defendant has not established exceptional reasons supporting his release. The defendant was convicted of engaging in a

continuing criminal enterprise.  By definition, then, his Criminal conduct cannot be deemed aberrational.  The defendant has not led an otherwise exemplary life.  The defendant was convicted of being part of a large and long-running drug trafficking conspiracy.  He faces a minimum mandatory sentence of twenty years imprisonment.  He has failed to establish that his exceptionally unlikely to flee or constitute a danger to the community.

Moreover, the defendant has failed to explain to the court why less risky measures, such as visiting his child through electronic means, are insufficient.  The United States Marshal is willing to work with the defendant to establish contact with his daughter through such means.  In that way the defendant could see and speak with his daughter in an environment that does not create the flight risk or safety issues raised by the defendant's request for release.

It is unfortunate that the defendant's daughter has been diagnosed with a serious illness.  However, such misfortune does not rise to the level of exceptional reasons supporting the defendant's release even if the defendant were to establish by clear and convincing evidence that he is neither a flight risk nor a danger to the community.  Because the defendant has failed to provide such clear and convincing evidence and because the illness of the defendant's daughter does not qualify as an exceptional reason for his release, his motion must be denied.

    Respectfully submitted,

    EMILY GRAY RICE
    United States Attorney


    /s/ Donald Feith
    Donald Feith
    First Assistant U.S. Attorney
    New Hampshire Bar # 783
    53 Pleasant Street, 4th Floor
    Concord, New Hampshire 03301
    Donald.Feith@usdoj.gov

**CERTIFICATION**

      I certify that a copy of this objection has been served electronically, through ECF, on Charles Keefe, Esquire, Wilson, Bush, Durkin & Keefe, 184 Main Street, Suite 222, Nashua, New Hampshire, 03060, counsel for the defendant, on April 11, 2016.

    /s/ Donald Feith
    Donald Feith