UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                           ) | No. 1:14-cr-93-01-LM |
| ) | |
| ALKIS NAKOS                       ) | |

### UNITED STATES' ASSENTED-TO MOTION TO VACATE CONVICTION ON COUNT TWO

The United States of America, by Emily Gray Rice, United States Attorney for the District of New Hampshire, hereby moves the Court to vacate the defendant's conviction on count two of the superseding indictment in order to avoid any double jeopardy concerns with respect to sentencing on that conviction.

The defendant was convicted after a jury trial of engaging in a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848 (Count One) and conspiring to distribute and to possess with the intent to distribute in excess of 1000 kilograms of marijuana and a quantity of 3,4 methylenedioxymethamphetamine (MDMA) in violation of 21 U.S.C. § 846 (Count Two). *See United States v. Nakos, et al.*, 1:14-cr-93-LM, Docket Entries (DE) 11 (Indictment), 188 (Jury Verdict).  The evidence of the agreement proven in the Count Two conspiracy charge served as the basis for meeting the "in concert" element of the § 848 offense in Count One.

In *Rutledge v. United States*, 517 U.S. 292 (1996), the Supreme Court held that conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 is a lesser included offense of a violation of 21 U.S.C. § 848 in cases where the evidence proving the agreement in the conspiracy charge is the same evidence used to prove the "in concert" element of the CCE offense.  Sentencing on each count would violate the Double Jeopardy Clause's prohibition on cumulative and second punishment for the same offense.  In order to avoid the constitutional

1

violation, one of the convictions must be vacated.  *Id*. At 307, *citing Ball v. United States*, 470 U.S. 856, 864 (1985).

Should the defendant successfully appeal his conviction on Count One, the United States will seek, if the circumstances of appeal allow, a remand for entry of a conviction for the lesser included offense set forth in Count Two.  *Rutledge,* 517 U.S. at 305-306; *United States v. Sepulveda-Hernandez*, 752 F.3d 22, 28-29 (1st Cir. 2014); 28 U.S.C. § 2106.

Accordingly, the United States respectfully requests that the conviction for the lesser included Count Two offense be vacated.

Counsel for the defendant assents to the relief sought by this motion.

    Respectfully submitted,

    EMILY GRAY RICE
    United States Attorney

    /s/ Donald Feith
    Donald Feith
    First Assistant U.S. Attorney
    New Hampshire Bar # 783
    53 Pleasant Street, 4th Floor
    Concord, New Hampshire 03301
    Donald.Feith@usdoj.gov

## CERTIFICATION

I certify that a copy of this objection has been served electronically, through ECF, on Charles Keefe, Esquire, Wilson, Bush, Durkin & Keefe, 184 Main Street, Suite 222, Nashua, New Hampshire, 03060, counsel for the defendant, on July 8, 2016.

    /s/ Donald Feith
    Donald Feith